**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

William Zawislak and
Lois Zawislak,

Plaintiffs,

v.

W.R. Grace & Co.-Conn., et al.,

Defendants.

**ORDER**
Civil File No. 00-2529
(MJD/JGL)

---

This matter is before the Court on Plaintiffs' motion to remand this action to state court. Plaintiffs allege that due to neighborhood exposure to asbestos from the Western Mineral asbestos manufacturing plant in northeast Minneapolis, Plaintiff William Zawislak contracted asbestos-related pleural disease. Western Mineral's successor-in-interest is W.R. Grace, Co. ("Grace"). Plaintiffs also allege that a St. Paul manufacturer, MacArthur Co. ("MacArthur"), supplied raw material asbestos or asbestos contaminated vermiculite ore to the plant, and therefore MacArthur is also a named defendant. Since MacArthur's presence destroys diversity, Plaintiffs argue that the Court cannot sustain removal. Defendants argue that MacArthur was only joined by Plaintiffs as a sham defendant, and therefore under the doctrine of fraudulent joinder should be ignored for the purposes of determining diversity jurisdiction.

**Standard**

28 U.S.C. § 1441 allows a defendant to remove a civil action brought in state



FILED 1/22/01
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

court to federal court if the action is one over which the federal district court has original jurisdiction. The party invoking the removal statute bears the burden of establishing federal jurisdiction. Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. den., 474 U.S. 863 (1985). Courts must strictly construe the removal statute against the party seeking removal. Id.

**Analysis**

In order for fraudulent joinder to exist, the party seeking removal must demonstrate that the plaintiff's complaint will not sustain a cause of action against the resident defendant. See Anderson v. Home Insur. Inc., 724 F.2d 82, 84 (8th Cir. 1983); Schwenn v. Sears, Roebuck & Co., 822 F.Supp. 1453, 1455 (D. Minn. 1993). Joinder will be deemed fraudulent only if defendants can demonstrate "no reasonable basis in fact or colorable ground supporting the claim against the resident defendant". Banbury v. Omnitrition Int'l, Inc., 818 F.Supp. 276, 280 (D.Minn. 1993)(citing Boyer v. Snap-on-Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. den. 498 U.S. 1085 (1991)); see also Schwenn, 822 F.Supp. at 1455. If there is "even a possibility" of the state court finding that the complaint states a valid cause of action, fraudulent joinder has not been proved. Boyer, 913 F.2d at 111.

The Court finds that Defendants have not demonstrated that Plaintiffs have stated no possible or arguable cause of action against MacArthur under Minnesota law. MacArthur is therefore not a sham defendant in this action.

Since MacArthur is a Minnesota corporation, its presence destroys complete diversity. The Court therefore lacks subject matter jurisdiction over this action.

Accordingly, **IT IS HEREBY ORDERED** that:

Plaintiffs' motion to remand this case to state court is GRANTED.

Dated: Jan. 22, 2001.

Michael J. Davis
United States District Court Judge

Zawislak v. W.R.Grace & Co.-Conn., et al
Civil File No. 00-2529